<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BORIS KOTOVETS, | |
| Plaintiff, | Civil Case No. 13-2682 (FSH) |
| v. | **<u>OPINION & ORDER</u>** |
| GARY KOTOVETS and ALINA KOTOVETS, | Date: December 3, 2014 |
| Defendants. | |

**<u>HOCHBERG, District Judge:</u>**

This matter comes before the Court upon Defendants Gary and Alina Kotovets' motion for summary judgment (Dkt. No. 31).[1] The Court has considered the submission by the parties pursuant to Federal Rule of Civil Procedure 78; and

it appearing that pursuant to Federal Rule of Civil Procedure 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); and

it appearing, in other words, that "summary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party," *Miller v. Indiana Hosp.*, 843 F.2d 139, 143 (3d Cir. 1988); and

---

[1] This matter arises from an injury Plaintiff Boris Kotovets sustained to the tip of his middle finger while manually lowering a garage door on his son's property when the power was out.

it appearing that all facts and inferences must be construed in the light most favorable to the non-moving party, *Peters v. Delaware River Port Auth.*, 16 F.3d 1346, 1349 (3d Cir. 1994); and

it appearing that the party seeking summary judgment always bears the initial burden of production, *Celotex Corp.*, 477 U.S. at 323; and

it appearing that this requires the moving party to establish either that there is no genuine issue of material fact and that the moving party must prevail as a matter of law, or to demonstrate that the non-moving party has not shown the requisite facts relating to an essential element of an issue for which it bears the burden, *see id.* at 322–23; and

it appearing on the face of the parties' submissions that they dispute a significant number of the facts averred by their adversaries[2]; and

it appearing that questions of material fact do exist with respect to the claims against Defendants, including, without limitation, whether the garage door malfunctioned, whether

---

[2] The primary issue raised by Defendants' motion is whether Defendants owed and breached a duty of care to Plaintiff, who is Defendant Gary Kotovets' father and was a social guest at Defendants' house. Under New Jersey law, "a homeowner has a duty to warn the unwary social guest of a condition of the premises that the homeowner knows or has reason to know creates an unreasonable risk of injury." *Parks v. Rogers*, 825 A.2d 1128, 1130 (2003). Among other facts, the parties disagree over whether the garage door was malfunctioning and whether Defendants knew (or should have known) that it created a dangerous condition. Defendants contend "[t]here is no evidence before this [C]ourt that defendants knew of any . . . dangerous condition . . . relative to the garage door." (Defs.'s Br. 7, 8.) Defendants suggest that the garage door operated in a normal manner for a powerless door. (Defs.'s Br. 3.) Instead, Defendants proffer evidence that Plaintiff merely misjudged the speed at which the garage door closed. (Defs.'s Br. 2 ("Plaintiff thought the door would move very slowly and did not realize it may come down quicker without power."), 3, 9.) Plaintiff, on the other hand, contends that the garage door was dangerously malfunctioning and puts forward support to show that Defendants were "aware that the garage door was not functioning properly," (Pl.'s Br. 4), and that, having opened the garage door just before Plaintiff attempted to close it, found that it "accelerated at a greater rate of speed than usual." (Pl.'s Br. 5.) When construed in the light most favorable to Plaintiff, these facts, among others, make summary judgment in favor of Defendants inappropriate.

Defendants knew that it created a dangerous condition, and whether Plaintiff's own negligence contributed to his injury, making this matter unsuitable for summary judgment;

**ACCORDINGLY**, on this 3rd day of December, 2014, it is

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 31) is **DENIED**; and it is further

**ORDERED** that this matter is referred to mediation with Pamela Nadel, Esq.; an order of referral to mediation will be sent forthwith, and the parties are ordered to contact Ms. Nadel immediately to arrange a starting date for the mediation no later than **60 days** from the date of this opinion.

**IT IS SO ORDERED.**

**/s/ Faith S. Hochberg**
**Hon. Faith S. Hochberg, U.S.D.J.**